(20 Misc. Rep. 581.)

### BANNON v. LEVY et al.

(Supreme Court, Appellate Term. July 1, 1897.)

WITNESS—EVIDENCE ON CROSS-EXAMINATION—CONCLUSIVENESS.

    In an action for goods sold, a witness, called by the plaintiff, to prove his own agency for defendants, testified on cross-examination that he was not authorized to order the particular goods in question, and did not order them. *Held*, that the plaintiff was not concluded by this testimony, and that it was error to dismiss his complaint on account thereof.

Appeal from Twelfth district court.

Action by John F. Bannon against Solomon Levy and Sigmund Levy. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Fromme Bros., for appellant.

DALY, P. J. The plaintiff sued to recover for the price of goods sold by his assignor to the defendants. The assignor testified that the goods were ordered by Simon Levy, as agent of the defendants, and called Levy, who was a hostile witness, to prove his own agency. After Levy had given testimony tending to show that he had general authority to order goods for defendants, he was cross-examined by defendants as to whether he had received authority to order these goods, and whether he had ordered them, and he answered in the negative on both points. Thereupon defendants moved for a dismissal of the complaint, on the ground that it appeared by plaintiff's own witness that he did not order the goods, and had no authority to order them; and the motion was granted. The defendants assumed that the plaintiff was precluded from recovery because, from the witness called by him to prove one fact, testimony adverse to him on another point was elicited by his adversary. Such is not the law. Although

a party calling a witness will not be allowed to impeach his credibility, "it must not be understood, however, that a party, by calling a witness who unexpectedly gives evidence against him, is concluded by such evidence. He may call other witnesses to prove that the facts are otherwise than as stated, and it is no objection to any relevant evidence of the material facts upon which he relies to support his case or defense that it may incidentally contradict and discredit one or more of his own witnesses." 29 Am. & Eng. Enc. Law, 812, and cases cited.

The witness Levy was asked what was the capacity in which he was employed by defendants, and he answered: "In everything." "I did almost everything, and sold goods, and ordered goods." This was sufficient proof of his authority to order the goods in suit. His subsequent answer in the negative to the question on cross-examination, "Did you receive authority from Levy Brothers to order these goods?" was no more than testimony that there was no special authorization for this particular purchase, and did not qualify his statement as to his general authority. There remained, therefore, only the question of fact as to whether he actually did order these goods, or a smaller quantity than plaintiff delivered. On that point a conflict arose between him and the plaintiff's assignor. That conflict it was the right of the plaintiff to have determined by the justice, according to the preponderance of evidence,—a right of which he was deprived by the ruling made in accordance with defendants' motion.

Judgment reversed, and new trial ordered; costs to appellant to abide event. All concur.