(36 Misc. Rep. 204.)

KUMBERGER et al. v. MILLER.

(Supreme Court, Appellate Term. October, 1901.)

CONTRADICTION OF WITNESS.

> Though a party cannot impeach the credibility of his own witness by evidence of his general reputation, he may show the truth of a particular fact, in contradiction to what such witness may have testified as to it.

Appeal from municipal court, borough of Manhattan, First district.

Action by Herman J. Kumberger and others against Samuel Miller. Judgment for plaintiffs. Defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Samuel S. Koenig, for appellant.
William C. Wolf, for respondents.

McADAM, J. The issue was narrowed down to the question of value of the labor and material furnished by the plaintiffs to the defendant, and upon this branch of the case the evidence was very conflicting. The justice found for the plaintiffs on evidence sustaining the finding, and we are not prepared to say that he erred in believing the testimony of the plaintiffs' witnesses. The exception especially called to our attention is found at page 25 of the return. The plaintiffs had called one Pearlman as a witness, and while testifying he made a statement that Herman J. Kumberger had told him that "he was going to play a trick on Mr. Miller," the defendant. Kumberger was thereafter put on the stand, and denied that he had made any such declaration. It was objected that the testimony was inadmissible, because it tended to impeach the evidence of the plaintiffs' own witness. It did not. True, having called Pearlman as a witness, the plaintiffs could not impeach his credibility by attacking his general reputation. Pollock v. Pollock, 71 N. Y. 137, 152; Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515; Crossman v. Lurman, 57 App. Div. 397, 68 N. Y. Supp. 311. But the party calling a witness is never precluded from proving the truth of a particular fact by any other competent testimony, in direct contradiction to what such witness may have testified. Thompson v. Blanchard, 4 N. Y. 311; Melhuish v. Collier, 15 Q. B. 878, 19 Law J. Q. B. 493; Pollock v. Pollock, 71 N. Y. 152; 2 Cow. Treat. (5th Ed., by Kingsley) § 1485; Pickard v. Collins, 23 Barb. 456; Parsons v. Suydam, 3 E. D. Smith, 276, 282; Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292; Bannon v. Levy, 20 Misc. Rep. 581, 46 N. Y. Supp. 353. Showing that a witness was mistaken is not deemed an impeachment of the witness, within the rule that a party cannot impeach his own witness. Hildreth v. Shepard, 65 Barb. 265; Hynes v. McDermott, 82 N. Y. 41, 37 Am. Rep. 538. There was no attempt to show inconsistent statements made by Pearlman for the purpose of im-

peaching him, but Kumberger was allowed to correct Pearlman's mistake in regard to what he (Kumberger) had said. We find no error, and the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.